**Alan KINNEY, Plaintiff–Appellant,**

v.

**Melissa BUSCH, Audrey Busch, Robert Busch, Kathy Estrella, Elan Wurtzel & Patricia Pileggi, Defendants–Appellees.**

No. 00–0163.

United States Court of Appeals, Second Circuit.

March 16, 2001.

Alan Kinney, Bethesda, MD, pro se.

Melissa Busch, Audrey Busch, Robert Busch, Kathy Estrella, pro se, Forest Hills, NY, Elan Wurtzel, pro se, Plainview, NY, Deborah Zwany, Assistant United States Attorney, Brooklyn, NY, for appellee.

Present MESKILL, PARKER, and SACK, Circuit Judges.

SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the decision of the said District Court be and it hereby is VACATED and REMANDED.

Alan Kinney, *pro se*, appeals from the judgment of the United States District Court for the Eastern District of New York (Nickerson, J.) entered on March 24, 2000, dismissing his complaint under 42 U.S.C. § 1983 as time-barred. Prior to service of the complaint on the defendants (and prior to an answer or motion to dismiss by any defendant), Kinney moved to dismiss the complaint voluntarily under Fed.R.Civ.P. 41(a)(1). Pursuant to this voluntary dismissal, the district court docketed this case as closed on March 16, 2000. Four days later, however, the district court issued an order on Kinney's prior motion for *in forma pauperis* status, and dismissed Kinney's claims as time-barred. Kinney moved for rehearing, arguing that the district court lacked jurisdiction to enter the order after his voluntary dismissal; the district court denied this motion.

On appeal, Kinney reasserts his argument that the district court lacked jurisdiction to enter an order dismissing his claims as time-barred, after he voluntarily dismissed his claims pursuant to Fed.R.Civ.P. 41(a)(1), where his voluntary dismissal required neither a court order nor defendants' consent.

Rule 41(a)(1) provides that:

an action may be dismissed by the plaintiff without order of the court (i) by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs, or (ii) by filing a stipulation of dismissal signed by all parties who have appeared in the action.

Fed.R.Civ.P. 41(a)(1). Kinney filed his notice of dismissal on March 16, 2000, prior to defendants' answer or motion; thus, his voluntary dismissal required no court order. Subsequent to a voluntary dismissal under Rule 41(a)(1), a district court may enter orders only on collateral matters, not on the merits of the action. *See Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 395–98, 110 S.Ct. 2447, 110 L.Ed.2d 359 (1990) (concluding that district court could impose Rule 11 sanctions following a Rule 41(a)(1) dismissal, because Rule 11 sanctions involved "collateral issues" and did not "signify a district court's assessment of the legal merits of the complaint"). Here, the district court's dismissal of Kinney's complaint as time-barred constituted an "assessment of the legal merits of the complaint." The district court was thus without jurisdiction to enter this order of dismissal following Kinney's voluntary dismissal under Rule 41(a)(1).

For the reasons set forth above, the judgment of the district court is VACATED and REMANDED for entry of an order consistent with this ruling.